MOORE, Chief Justice
(concurring in part and dissenting in part).
I concur in affirming the conviction in this case, but I respectfully dissent from the reversal of the death sentence.
When Smith tried to introduce evidence in the penalty phase of the trial about his brothers and sister, the trial court excluded any evidence regarding Smith’s siblings. The trial judge also instructed the jury to not consider anything that may have been introduced about his siblings, like the fact that his sister became pregnant at a young age or that his brother was retarded and had served time in jail. I agree with the trial judge that such evidence was irrelevant.
If any negative event in a defendant’s family can become relevant mitigation evidence in the penalty phase of a capital-murder trial, I do not see where such reasoning will stop. Why stop at the family environment? Why not consider every other negative event that ever happened to the defendant? There is a limit to what a trial court should have to consider when determining the appropriate penalty for someone who has been found guilty of capital murder. The trial court set a reasonable limit for the introduction of such mitigation evidence, and I am unwilling to disturb its ruling in that regard.
I agree with the trial judge that in the penalty phase of a capital-murder trial events that happened to a defendant’s siblings are irrelevant as mitigation evidence. Therefore, I respectfully dissent.